**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NORTH ATLANTIC IMPORTS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> A&J MANUFACTURING, LLC, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. <br> 22-cv-02436-VMC <br><br> **JURY TRIAL DEMANDED** |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1. Description of Case:

    a) Describe briefly the nature of this action.

    *Plaintiff contends that Defendant engaged in willful infringement of Plaintiff's patent and trademark as well as deceptive trade practices and unfair competition. Defendant denies the allegations, and contends that Plaintiff's patent and trademark are invalid.*

    b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

    Plaintiff's Summary:

    *Plaintiff owns U.S. Patent No. 11,116,361 ("the '361 Patent" or "patent-in-suit"), entitled "Outdoor Cooking Station, Side Shelf, and Method*

*Thereof" and the registered trademark (U.S. Reg. No. 6,615,999) for COOK ANYTHING, ANYTIME, ANYWHERE. Plaintiff sells outdoor cooking stations that practice the '361 Patent and promotes them with the registered tagline COOK ANYTHING, ANYTIME, ANYWHERE.*

*Defendant, a Georgia company, makes and sells the Flat Iron Griddle and related products. The Flat Iron Griddle directly infringes the '361 Patent; and Defendant uses a confusingly similar tagline to promote Defendant's Flat Iron Griddle. Plaintiff sent a demand letter to Defendant in February 2022, and again in March 2022, but Defendant delayed in responding and then refused to cooperate fully with Plaintiff's demands. Defendant's wrongful acts have damaged Plaintiff through lost profits and, at a minimum, in the amount of a reasonable royalty. Because Defendant has engaged in a flagrant pattern of copying Plaintiff's products without regarding for Plaintiff's intellectual property, Defendant is liable for enhanced damages and attorney's fees.*

*Defendant's Summary:*

*The Flat Iron Griddle does not infringe the '361 Patent, and in any event that patent is invalid for failure to meet one or more conditions of patentability specified in Title 35, United States Code § 101 et seq.  For example, one or more claims of the '361 Patent are invalid in light of prior art references*

*that were cited to the U.S. Patent and Trademark Office during prosecution of the application, and/or are invalid in light of products that were on sale or in public use prior to the earliest priority date to which the '361 Patent is entitled.*

*In addition, despite Plaintiff's alleged ownership of U.S. Reg. No. 6,615,999, Plaintiff has no valid trademark rights in the phrase "cook anything, anytime, anywhere," as that phrase is generic and/or Plaintiff has not acquired secondary meaning in that phrase such that consumers associate the phrase with a single source. However, even if Plaintiff did have valid rights (which it does not) Defendant's use of the phrase "cook any meal, anytime, anywhere" does not infringe those rights because Defendant uses that phrase descriptively to describe the features of its own product, whatever rights Plaintiff has in that phrase are so narrow as to not be infringed by Defendant's use, and Plaintiff cannot show a likelihood of consumer confusion as to the source or origin of Defendant's goods as a result of Defendant's use of its own phrase.*

    c) The legal issues to be tried are as follows:

        (1) Infringement of the '361 Patent.

        (2) Validity of the '361 Patent

        (3) Infringement of the trademark COOK ANYTHING, ANYTIME, ANYWHERE (U.S. Reg. No. 6,615,999).

      (4) *Ownership of the trademark COOK ANYTHING, ANYTIME, ANYWHERE (U.S. Reg. No. 6,615,999).*

      (5) *Validity of U.S. Reg. No. 6,615,999.*

      (6) *Ownership of any trademark rights in phrase "cook anything, anytime, anywhere."*

      (7) *Damages*

   d)  The cases listed below (include both style and action number) are:

      1)  Pending Related Cases: *N/A*

      2)  Previously Adjudicated Related Cases: *N/A*

2.  This case is complex because it possesses one or more of the features listed below (please check):

   \_\_\_\_\_ (1) Unusually large number of parties

   \_\_\_\_\_ (2) Unusually large number of claims or defenses

   \_\_\_\_\_ (3) Factual issues are exceptionally complex

   \_\_\_\_\_ (4) Greater than normal volume of evidence

   \_\_\_\_\_ (5) Extended discovery period is needed

   \_\_\_\_\_ (6) Problems locating or preserving evidence

   \_\_\_\_\_ (7) Pending parallel investigations or action by government

   \_\_x\_\_ (8) Multiple use of experts (<u>potentially multiple experts)</u>

_____ (9) Need for discovery outside United States boundaries

_____ (10) Existence of highly technical issues and proof

_____ (11) Unusually complex discovery of electronically stored information

3. Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    **Plaintiff**:        Brian Park
                             STOEL RIVES LLP
                             600 University St., Suite 3600
                             Seattle, Washington 98101
                             Telephone: (206) 624-0900
                             Email: brian.park@stoel.com

                             Elliott J. Williams
                             STOEL RIVES LLP
                             760 SW Ninth Avenue, Suite 3000
                             Portland, OR  97205
                             Telephone:  (503) 224-3380
                             Email: elliott.williams@stoel.com

                             Kana A. Caplan
                             R. David Gallo
                             KREVOLIN & HORST, LLC
                             1201 W. Peachtree St, NE Suite 3250
                             Atlanta, Ga 30309
                             Telephone: (404) 888-9700
                             Email: caplan@khlawfirm.com
                                      dgallo@khlawfirm.com

    **Defendant**:      Douglas R. Nemec
                             David M. Lamb
                             Anthony P. Biondo

>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>AND AFFILIATES
>One Manhattan West
>New York, New York 10001
>Telephone: (212) 735-3000
>Email: douglas.nemec@skadden.com
>       david.lamb@skadden.com
>       anthony.biondo@skadden.com
>
>Richard H. Sinkfield
>Catherine M. Bennett
>Monica P. Witte
>SMITH, GAMBRELL & RUSSELL, LLP
>1105 W. West Peachtree St. NE, Suite 1000
>Atlanta, GA 30309
>Telephone: (404) 815-3500
>Email: rsinkfield@sgrlaw.com
>       cmbennett@sgrlaw.com
>       mwitte@swgrlaw.com

4. Jurisdiction:

   Is there any question regarding this Court's jurisdiction?

   ____Yes

   __x__No

   If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. Parties to This Action:

(a) The following persons are necessary parties who have not been joined:

*None known at this time.*

(b) The following persons are improperly joined as parties:

*None.*

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

*None.*

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

*None known at this time*

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should

have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

   (a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

   (b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

   (c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

   (d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

*None at this time.*

10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to

which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

*Pursuant to Appendix F, this case is subject to an eight-month track. The parties attach (as Exhibit A) a proposed schedule with deadlines following those set forth in the Local Civil Rules and the Local Patent Rules.*

Please state below the subjects on which discovery may be needed:

**Plaintiff:**

    *Infringement*

    *Validity*

    *Willfulness*

    *Damages*

**Defendant:**

    *Infringement of the '361 Patent*

    *Validity of the '361 Patent*

    *Prosecution of the application that became the '361 Patent*

    *Validity of U.S. Trademark Reg. No. 6,615,999*

    *Ownership of trademark rights in the phrase "cook anything, anytime, anywhere"*

    *Damages*

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

*Pursuant to Local Patent Rule 7.1, the parties anticipate disclosing expert reports and conducting expert discovery after the normal close of discovery.*

11. Discovery Limitation and Discovery of Electronically Stored Information:

    (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

    *The parties have stipulated to limiting the number of depositions for each party to six depositions (including a 30(b)(6) deposition).*

    (b) Is any party seeking discovery of electronically stored information?

    ___x_____ Yes                    _____ No

    If "yes,"

        (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of

production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

*The parties anticipate production of ESI in this case and have agreed to negotiate the terms of a separate ESI agreement with limiting features such as search terms and date ranges. Production of documents will be according to the Federal Rules of Civil Procedure and the Local Rules of this Court.*

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

*The parties anticipate production of ESI in this case and have agreed to negotiate the terms of a separate ESI agreement addressing the format of production. The parties will produce documents according to the Federal Rules of Civil Procedure and the Local Rules of this Court including by producing documents as they are kept in the usual course of business or by organizing and labelling the documents to correspond to the categories in the request.*

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

*Pursuant to Patent L.R. 2.2, the parties have discussed the preparation of a stipulated protective order including two confidentiality tiers (the second tier for outside counsel only) to govern the production of commercially or technologically sensitive information in this case. The Parties believe that a Protective Order will be necessary once fact discovery commences to guard against public disclosure of commercially sensitive information.*

13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 1, 2022, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):

*/s/ Elliott J. Williams*
Elliott J. Williams (*pro hac vice*)

13

Other participants: Brian C. Park (*pro hac vice*); Kana A. Caplan

For defendant: Lead counsel (signature):

> */s/ Douglas R. Nemec*
> Douglas R. Nemec (*pro hac vice application submitted*)

Other participants:  *N/A*

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__x__) A possibility of settlement before discovery.

(_____) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

(c) Counsel(__x__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is TBD.

(d) The following specific problems have created a hindrance to settlement of this case.

*None at this time; however, Defendant believes that Court-assisted mediation could help to facilitate the early settlement of this case.*

14. Trial by Magistrate Judge:

14

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 2022.

(b) The parties (___x___) do not consent to having this case tried before a magistrate judge of this Court.

Completed form submitted this 15th day of August, 2022.

| | |
|---|---|
| */s/ Kana A. Caplan* | */s/ Richard H. Sinkfield* |
| Kana A. Caplan | Richard H. Sinkfield |
| Georgia Bar No. 621805 | Georgia Bar No. 649100 |
| R. David Gallo | Catherine M. Bennett |
| Georgia Bar No. 228283 | Georgia Bar No. 050525 |
| KREVOLIN & HORST, LLC | Monica P. Witte |
| 1201 W. Peachtree St, NE Suite 3250 | Georgia Bar No. 405952 |
| Atlanta, Ga 30309 | SMITH, GAMBRELL & RUSSELL, LLP |
| Telephone: (404) 888-9700 | 1105 W. West Peachtree St. NE |
| caplan@khlawfirm.com | Suite 1000 |
| dgallo@khlawfirm.com | Atlanta, GA 30309 |
| | Telephone: (404) 815-3500 |
| Elliott J. Williams (*pro hac vice*) | rsinkfield@sgrlaw.com |
| STOEL RIVES LLP | cmbennett@sgrlaw.com |
| 760 SW Ninth Avenue, Suite 3000 | mwitte@swgrlaw.com |
| Portland, OR 97205 | |
| Telephone: (503) 224-3380 | Douglas R. Nemec (*pro hac vice application submitted*) |
| elliott.williams@stoel.com | |
| Brian C. Park (*pro hac vice*) | |

15

STOEL RIVES LLP
600 University St., Suite 3600
Seattle, Washington 98101
Telephone: (206) 624-0900
brian.park@stoel.com

*Counsel for Plaintiff*

David M. Lamb (*pro hac vice application submitted*)
Anthony P. Biondo (*pro hac vice application submitted)*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
douglas.nemec@skadden.com
david.lamb@skadden.com
anthony.biondo@skadden.com

*Counsel for Defendant*

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____.

     IT IS SO ORDERED, this _____ day of _____ 2022.

_____

**Judge Victoria M. Calvert**
**UNITED STATES DISTRICT JUDGE**

## CERTIFICATE OF SERVICE AND
## COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that on August 15, 2022, I electronically filed the foregoing, which has been prepared using 14-point Times New Roman Font, with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

This 15th day of August, 2022.

                                        */s/ Richard H. Sinkfield*
                                        Richard H. Sinkfield
                                        Georgia Bar No. 649100
                                        SMITH, GAMBRELL & RUSSELL, LLP
                                        1105 W. West Peachtree St. NE
                                        Suite 1000
                                        Atlanta, GA 30309
                                        Telephone: (404) 815-3500
                                        rsinkfield@sgrlaw.com